**COOPER UNIVERSITY HOSPITAL,**
Appellant

v.

**Kathleen SEBELIUS, Secretary,
Department of Health and
Human Services.**

No. 09–4095.

United States Court of Appeals,
Third Circuit.

Argued: Sept. 15, 2010.

Opinion Filed: Oct. 12, 2010.

Mark H. Gallant, Esq. (Argued), Judy Wang Mayer, Esq., Cozen & O'Connor Philadelphia, PA, Thomas McKay, III, Esq., Cozen & O'Connor, Cherry Hill, NJ, for Appellant Cooper University Hospital.

Anthony J. Steinmeyer, Esq. (Argued), August E. Flentje, Esq., United States Department of Justice, David L. Hoskins, Esq., Department of Health & Human Services, Health Care Financing Division, Washington, DC, Elizabeth A. Pascal, Esq., Office of the United States Attorney,

Camden, NJ, for Appellee Kathleen Sebelius.

Jeffrey A. Lovitky, Esq., Law Office of Jeffrey A. Lovitky, Washington, DC, for Amicus–Appellant Quality Reimbursement Services.

Before: SLOVITER, BARRY and SMITH, Circuit Judges.

## OPINION

BARRY, Circuit Judge.

Cooper University Hospital has appealed the grant of summary judgment in favor of Kathleen Sebelius, Secretary of the U.S. Department of Health and Human Services, in this very complex and very important matter. The case before the Hon. Jerome B. Simandle, and now the appeal before us, involved the amount of Medicare reimbursement that Cooper University Hospital—a hospital in Camden, New Jersey, with a large low-income patient population—receives from the federal government for serving a disproportionate share of low-income patients. Resolution of the difficult legal issue presented required an analysis of the interaction between, and the intersection of, the Medicare and Medicaid statutes, described by a sister court as being "among the most completely impenetrable texts within human experience." *Rehab. Ass'n of Va., Inc. v. Kozlowski*, 42 F.3d 1444, 1450 (4th Cir.1994). Resolution of this issue will affect hospitals well beyond the one hospital party to this case.

We have carefully considered the record and the submissions of the parties, and have heard oral argument. We have paid particular attention to the patience and skill with which Judge Simandle has handled this case from its very inception until its conclusion, when he rendered an Opinion that thoughtfully, thoroughly, and articulately decided what had to be decided. We could not do it better, and we will not

try. Suffice it to say, substantially for the reasons set forth in Judge Simandle's excellent Opinion of September 28, 2009, we will affirm.